The opinion of the Court was delivered by
Nott, J.
It ought to have appeared, on the face of the declaration, that the guardian was admitted by the Court; but then the exception should have been taken at an earlier stage of the proceedings. By pleading to the action, the defendant admitted the plaintiff properly in Court; and the irregularity was certainly cured by the verdict, and therefore is not a good ground in arrest of judgment. That motion must be denied.
The grounds on which the motion for a newtrial is founded, are nume *204 rous, and in the order in which they are stated in the brief, do not admit of a very methodical view of the subject.
Trover is an action sounding in damages ; and the *plaintiff is entitled to a full indemnity for the injury sustained, by reason of the wrongful conversion of his property by the defendant. A person ought not to derive any benefit from his own wrongful act; and where either party is to be injured by the casual rise or fall of property, it ought to be he who is in the wrong. The jury had a right, therefore, to give the highest value up to the time of the verdict.
2. There was no proof, that the deed from James Kid to Andrew Kid, was made with a view to defraud creditors; on the contrary, there was a calculation then made of the amount of his debts, and provision made for the payment of them, before the deed was executed.
3. Whether William Kid had a right to convey away property confessedly belonging to James Kid, is a question which need not be determined; for it was abundantly proved that James Kid had previously conveyed to William ; and by means of that conveyance, he acquired his right to transmit it to the other. Whether the deed to William Kid was fraudulent or not, is not material, so far as regards this question ; for a deed fraudulent against creditors, may be good between the parties; and James Kid, having conveyed to William Kid, was estopped by his own deed to deny his right to convey to Andrew; and much less can a third person, not being a creditor, take advantage of it. It is trae, that the deed from James Kid to William Kid, was not produced, and if the defendant’s counsel had not gone into the examination, perhaps it is doubtful whether it could have been proved; but after its existence and contents were sufficiently proved by the defendant’s counsel, plaintiff was entitled to the benefit of it. It was not accidentally brought out by the voluntary and unsolicited declaration of the witness, but by a long, minute, and critical examination, for the purpose of showing the fraud. But admitting that no such deed had been shown to have existed, the defendant could not have taken advantage of it. If William Kid sold or gave the property, in the presence of, and with the acquiescence and ^probation of James Kid; if James then *admitted, and now admits, that William had such right, it is sufficient to entitle the plaintiff to recover, without showing how he acquired that right. And if the deed was good at the time of its execution,[1] the circumstance of his having contracted debts afterwards could not make it void, unless it was conveyed away with that view, of which there was no proof.
4. A deed is nob necessarily fraudulent, because it contains all the property that a man possesses. That circumstance would be considered a badgeoffraud, where it wont to defeatthe just rights of others. But a parent may give all his property to his children, and throw himself upon their liberality for support, if he chooses to do so. Neither is a deed fraudulent merely because the vendor continues in possession ; it is only against creditors, and subsequent purchasers without notice, that it is deemed so. A vendee may allow that indulgence to a vendor, where no third interest is involved, without weakening his own claim. But in this case the vendee was in possession. He was a minor, and under the guardianship *205 of his father ;[1] the possession was therefore consistent with the nature of the instrument.
5. If Captain John Kid, to whom it is said James Kid was indebted at the time he made this deed, were now contending for the property, the question whether his claim should not be preferred, would arise. But it is not the case of Captain John Kid, that we are now trying. And admitting the deed to be fraudulent and void, as to him, it would give no right to a third person, having no interest in the transaction, to seize upon the property, and hold it against the vendee.
6. The ground on which such a voluntary conveyance is held void against creditors, is, that he who has trusted another, on the faith and credit of the visible property which he had in possession, shall not be defeated of his debt by a transfer without consideration ; and the same principle applies in the ease of subsequent creditors and purchasers without notice, where the vendor continues in possession. But neither the present *defendant, nor those under whom she claims, comes within either of those classes. A dicks did not trust James Kid on the credit of his property, because he drew the deed by which it was transferred, and was a witness to it; indeed, there is reason to believe, that the suspicion of his intentions to take advantage of the weakness of this unfortunate man, and filch all his property from him, was too well founded. Mitchell, the purchaser, bought with his eyes open. The plaintiff made known to him the nature of Ms claim, and exhibited to him the deed before the sale. The sheriff was so well satisfied of the justice of the claim, that he would not sell, until he was indemnified. The purchaser, therefore, bought at his own risk, and can have no claim upon the plaintiff. And the defendant cannot be in a better situation, than the person under whom she claims. That was the view which the presiding judge took of the case on the trial, and instructed the jury to that effect.
Í. Whether the defendant had any recourse, in ease of a recovery against her, was an unimportant question on the trial. If the plaintiff had a right to the property, he was entitled to a verdict, whether the defendant could recover over or not. The observations of the presiding judge, on that point, were not intended as instructions to the jury, on a point material to the issue, but only intended as an answer to the arguments of the counsel, urging the hardship of the case on the part of the defendant; and, therefore, whether correct or not, can furnish no ground for a new trial. It was stated to the jury that the defendant was not probably without redress. That could not be stated with certainty, because it did not appear how she derived her title. If she held as purchaser under the representatives of her husband, she would probably have recourse to them. If she was the representative of her husband, she had recourse to the sheriff, unless he had precluded himself by his own act, in which case the loss justly fell on his estate, but not on the defendant. Indeed, all the grounds on which the ^defendant relies for a new trial, are founded on mistaken principles. It is assumed, as a fact established, that the deed was fraudulent as to creditors, from whence it is concluded, that it was void as to every one else. But the fact was not proved, and if it had been, the conclusion would not have followed. A deed is not void merely because it goes to defeat the rights of creditors. *206 It is only voidable at the instance of a creditor. A third person cannot take advantage of it, where it is in other respects good. The vendee still holds it, subject only to the prior claims of creditors.
Gunning, for the motion. Glendenin, contra.
8. With regard to the amount of damages allowed for the services of the negro, the jury were very competent judges, and it does not appear to the Court, that the verdict is in that respect too high.
A new trial must therefore be refused.
Cuetes, Gantt and Johnson, JJ., concurred.

 Hudnal v. Wilder, 4 NcC. 307; 3 Brev. 204, cont.

 Act of 1832, 6 Stat. 483, § 2; Act of 1843, 11 Stat. 256, § 3.